RICHARD K. DIAMOND (State Bar No. 70634)
*rdiamond@dgdk.com*
JOHN J. BINGHAM, JR. (State Bar No. 75842)
*jbingham@dgdk.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@dgdk.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Proposed Attorneys for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re

MERUELO MADDUX-845 S. FLOWER STREET, LLC,

    Debtor and Debtor-in-Possession.

) Case No. 1:09-bk-21621-KT
)
) Chapter 11
)
) (Joint Administration Requested)
)
) **EMERGENCY MOTION FOR ORDER**
) **DIRECTING THE JOINT**
) **ADMINISTRATION OF RELATED**
) **CASES; AND MEMORANDUM OF**
) **POINTS AND AUTHORITIES IN**
) **SUPPORT THEREOF**
)
) Date: September 14, 2009
) Time: 3:00 p.m.
) Place: Courtroom 301
)         21041 Burbank Blvd.
)         Woodland Hills, California

    Debtor and debtor-in-possession Meruelo Maddux-845 S. Flower Street, LLC ("845 S. Flower" or the "Debtor"), hereby moves the Court pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rule 1015-1(b) for an order, in a form substantially conforming to Exhibit "A" hereto, directing the joint administration of the above-captioned case, together with the chapter 11 case of Meruelo Chinatown, LLC ("Chinatown")[1], and the cases

---

[1] Concurrently herewith, Chinatown and MMPI are filing companion motions seeking the identical relief.

342858.01 [XP]    25293

1 | previously filed by Meruelo Maddux Properties, Inc. ("MMPI") and its 53 related entities with this
2 | Court that are jointly administered under case no. 1:09-bk-13356-KT.

3 |       On or about March 26 and 27, 2009, MMPI and 53 of its affiliated entities filed petitions for
4 | relief with this Court under chapter 11 of title 11 of the United States Code (the "Code"), which
5 | cases are jointly administered as Case No. 1:09-bk-13356-KT (the "MMPI Bankruptcy Case"). By
6 | this motion, 845 S. Flower and Chinatown (the "Debtors") are requesting that the Court authorize
7 | the joint administration of their cases with the MMPI Bankruptcy Case, including a joint pleadings
8 | docket, a joint pleadings caption, and combined notices to creditors. The Debtors are not seeking
9 | substantive consolidation of their estates at this time, but reserve the right to do so in the future.

10 |       Without joint administration, the duplication of documents and effort would severely tax
11 | the administrative facilities of the Debtors and their attorneys, as well as creditors and other parties
12 | in interest, diverting valuable resources away from addressing substantive issues, including the
13 | operation of the Debtors' business. If this motion is not granted, the Debtors, creditors and other
14 | parties in interest will be required to file multiple copies of pleadings in each case for no reason
15 | other than to maintain separate dockets and files, and parties would be required to search multiple
16 | dockets to determine the status of pending matters. Joint administration will allow creditors and
17 | other parties in interest to receive notice of all matters involving the debtors in all the above
18 | mentioned bankruptcy cases, thereby ensuring them an opportunity to be fully informed of matters
19 | potentially affecting their rights. Joint administration is appropriate in this case because the
20 | Debtors and all of the debtors jointly administered under the MMPI Bankruptcy Case are affiliated,
21 | the Debtors operate as part of an integrated enterprise, and the joint administration of the cases will
22 | ease the administrative burden on the Court, the Debtors, creditors and other parties in interest by
23 | eliminating duplicative filings and service of pleadings and by reducing the costs of administration
24 | of the cases.

25 |       This motion is brought pursuant to Local Bankruptcy Rule 1015-1(b)(1), which provides, in
26 | relevant part, as follows:

27
28

2

342858.01 [XP]    25293

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015.

Accordingly, the Debtors request that the Court immediately enter an order in a form substantially conforming to the form order attached as Exhibit "A" hereto. Such relief is proper because, among other things, the Debtors are part of an integrated enterprise under the parent entity, MMPI, such that the resolution of these cases will bear on the assets and liabilities of the MMPI Bankruptcy Case.

This motion is based upon this motion and the accompanying memorandum of points and authorities appended hereto, the Declarations of Richard Meruelo, John Maddux, and Lynn Beckemeyer in Support of First Day Motions (the "First Day Declarations") filed concurrently herewith, the papers and pleadings on file in the Debtors' cases and in the MMPI Bankruptcy Case, and such other evidence as may be presented to the Court.

Dated: September \_\_, 2009

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Aaron E. de Leest
Proposed Attorneys for Debtor and
Debtor-in-Possession

342858.01 [XP]    25293

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On September 3, 2009, the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Code"). The Debtors are affiliated entities of Meruelo Maddux Properties, Inc. ("MMPI"). On March 26 and 27, 2009, MMPI and 53 of MMPI's affiliated entities filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Code"). Pursuant to the Court's ruling on March 30, 2009, those 54 cases are being jointly administered under MMPI's case number, 1:09-bk-13356-KT (the "MMPI Bankruptcy Case"). The debtors in the MMPI Bankruptcy Case are operating their business affairs pursuant to the authority granted under §§ 1107 and 1108 of the Code.

Joint administration of the Debtors' cases with the MMPI Bankruptcy Case is appropriate in order to, among other things, ease the administrative burden on the Court, the Debtors, creditors and other parties in interest by eliminating duplicative filings and service of pleadings and by reducing the costs of administration of the cases. Accordingly, the Debtors are requesting that the Court enter an order in a form substantially confirming to Exhibit "A" hereto, directing the joint administration of the cases, providing that papers and pleadings to be filed in the jointly administered cases are to be filed in the case filed by the Debtors' parent company, MMPI, and identifying the form of the caption to be used.

### II.

### OVERVIEW OF THE DEBTORS' BUSINESS

845 S. Flower owns a 35 storey residential condominium project at 705 West Ninth Street in downtown Los Angeles, a few blocks northeast of the Staples Center in the Southpark region of downtown Los Angeles (the "Project"). The building is the tallest pure residential skyscraper in Los Angeles and is comprised of 214 luxury residential units that total 254,300 square feet. There is also 6,800 square feet of ground floor commercial space that is expected to be leased for a restaurant. The building is capitalized by $73 million of funds advanced by the Debtor and an $84

342858.01 [XP]    25293

million construction loan in favor of Canpartners Realty Holding Company IV LLC ("Canpartners") for total capital of $157 million.

Chinatown owns approximately 4.9 acres of land at 129 West College Street in downtown Los Angeles. The property is unimproved land. The property has significant development potential. The current development plan is for 500 live-work units with 25,000 square foot retail space. Other than securing substantial completion of the Project, Chinatown is unencumbered. It was appraised at $17,600,000 as of August 31, 2008, by Canpartners.

845 Flower and Canpartners are parties to a loan agreement dated as of July 31, 2008 (the "Loan Agreement"), pursuant to which Canpartners agreed to loan to 845. S. Flower the amount of $84 million to provide financing for the construction of the Project.

Under the Loan Agreement, 845 S. Flower obtained funding for the construction of the Project by submitting to Canpartners a Construction Draw Request ("Draw Request") once per month specifying the Hard Costs and Soft Costs to be paid from the Construction Draw Account or Construction, once each month along with all documentation required supporting the draw request.

## III.

## RELIEF REQUESTED

Federal Rule of Bankruptcy Procedure 1015(b) provides that when two or more petitions are pending in the same court by a debtor and an affiliate, the court may order joint administration of the cases. Fed. R. Bankr. P. 1015(b). The Advisory Committee Note to Rule 1015(b) states that joint administration "may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly."

Rule 1015 promotes the fair and efficient administration of related bankruptcy cases, while ensuring that no rights of individual creditors are unduly prejudiced. 2 *Collier on Bankruptcy* ¶ 301.06 at 301-13 (15th ed. rev. 2008); *In re Brookhollow Assocs.*, 435 F. Supp. 763 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and

efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re H&S Transportation Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). Joint administration is merely a procedural remedy, in that each of the debtors' estates remains a separate legal entity and creditors' rights against each entity's estate are preserved. *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

Joint administration of the Debtors' chapter 11 cases with the MMPI Bankruptcy Case is appropriate. MMPI is the ultimate parent company of 845 S. Flower and Chinatown. All of the entities controlled by MMPI, including the Debtors, operate as a consolidated entity, filing consolidated financial statements with the Securities and Exchange Commission. As a result, the Debtors are affiliates of MMPI and of the debtors in the MMPI Bankruptcy Case, as such term is defined in § 101(2) of the Code.

Joint administration will reduce the costs to MMPI, the Debtors, creditors, and other parties in interest, eliminate confusion and waste created by maintaining separate dockets, and reduce the burden that the cases will impose on the Court and its staff. Absent joint administration, the only material differences between the majority of pleadings to be filed in each case will be in the captions, because many of the substantive matters affecting one estate will affect all estates. If separate pleadings are required to be filed in each case, an enormous amount of copying will need to be done at substantial cost to the estates and without any additional benefit to creditors. Such duplication would, among other things, divert valuable resources away from addressing the substantive issues that will arise in the cases, and would undoubtedly create an unnecessary burden on the Court and its staff. Similarly, joint administration will simplify the administrative burden on the Office of the United States Trustee in its supervision of these cases.

Joint administration will also benefit creditors. Creditors of the Debtors will not be required to monitor separate dockets for activity, and will not need to incur the inconvenience and expense of filing multiple versions of pleadings that differ only in the caption. Joint administration will also ensure that creditors receive notice of all matters involving the Debtors and the debtors in

342858.01 [XP]    25293

the MMPI Bankruptcy Case, thereby ensuring that creditors are fully informed of all matters potentially affecting their claims.

The Debtors request that the Court enter an order providing for the joint administration of their cases in accordance with the following:

(a) <u>Pleadings</u>. Except for the individual Debtors' schedules and statement of financial affairs, and proofs of claim filed by creditors, all papers, pleadings and orders should be filed in case number 1:09-bk-13356-KT.

(b) <u>Debtors' Schedules and Statements of Financial Affairs</u>. Each Debtor will file its schedules and statement of financial affairs in its own individual case.

(c) <u>Proofs of Claims</u>. Because the Debtors were formed as separate entities and there has not been a substantive consolidation of their estates, proofs of claim should be filed in each case in which the filing creditor is asserting a claim, and identify in the caption the name of the debtor against which the claim is asserted. Separate claim registers should be maintained by the Court for each of the Debtors' estates.

## IV.

## **CONCLUSION**

For the foregoing reasons, the Debtor requests that the Court enter an order directing that the Debtors' cases shall be jointly administered with the MMPI Bankruptcy Case in accordance with the guidelines set forth above, and enter an order in the form attached as Exhibit "A" hereto. The Debtor also requests such further relief as the Court deems just and proper.

Dated: September 11, 2009              DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Aaron E. de Leest
Proposed Attorneys for Debtor and
Debtor-in-Possession

7

342858.01 [XP]    25293

# EXHIBIT "A"

1  RICHARD K. DIAMOND (State Bar No. 70634)
   *rdiamond@dgdk.com*
2  JOHN J. BINGHAM, JR. (State Bar No. 75842)
   *jbingham@dgdk.com*
3  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@dgdk.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Proposed Attorneys for Debtor and Debtor in Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:09-bk-21621-KT |
| MERUELO MADDUX-845 S. FLOWER STREET, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **ORDER DIRECTING THE JOINT ADMINISTRATION OF RELATED CASES** |

The Court having read and considered the *Emergency Motion for Order Directing the Joint Administration of Related Cases* (the "Motion") filed in the within case, on September __, 2009, having determined that it is appropriate to grant the motion without need for notice or hearing pursuant to Local Bankruptcy Rule 1015-1(b), for good cause appearing, it is

**ORDERED THAT:**

1. The Motion is granted in its entirety.

2. The following cases (collectively the "Cases") filed with the Court by the following entities (collectively the "Debtors") shall be jointly administered with MMPI, Case No. 1:09-bk-13356-KT:

**EXHIBIT A**

-1-

342858.01 [XP]    25293

|   | Debtor | Federal Tax ID Number | Case Number |
|---|---|---|---|
| 1. | Meruelo Maddux-845 S. Flower Street, LLC | 20-2922706 | 1:09-bk-21621-KT |
| 2. | Meruelo Chinatown, LLC | 95-4842923 | 1:09-bk-21622-KT |

3. Except as provided herein, all papers, pleadings and orders in the Cases shall be filed in case number 1:09-bk-13356-KT. The docket for case number 1:09-bk-13356-KT shall be designated as the single pleadings docket for all pleadings with respect to the Cases.

4. Each of the Debtors shall file its schedules and statement of financial affairs in its own individual case.

5. Proofs of claims shall be filed in each Case in which the filing creditor is asserting a claim, and identify in the caption the name of the debtor against which the claim is asserted. Absent further order of the Court, the claims registers in the Debtors' respective Cases shall be maintained separately for each Debtor by the Clerk of the Court.

6. The Debtors and other parties in interest shall be authorized, but are not required, to combine notices to the Debtors' creditors.

#####

-2-

342858.01 [XP]    25293