JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@DGDK.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Debtor and Debtor-in-Possession Meruelo
Maddux – 845 S. Flower Street, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX – 845 S. FLOWER STREET, LLC,<br><br>        Debtor. | Case No. 1:09-bk-21621-VK<br><br>Chapter 11<br><br>**DEBTOR'S STATUS REPORT**<br><br>Date:  July 21, 2011<br>Time:  2:30 p.m.<br>Place: Courtroom 301<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA |

Debtor and debtor-in-possession Meruelo Maddux – 845 S. Flower Street, LLC (the "Debtor"), hereby submits its case status report in advance of the status conference to be held on July 21, 2011.

A.   ASSETS OF THE DEBTOR'S ESTATE

As of July 11, 2011, the Debtor was holding cash in the amount of $3,135,743.15 in the "Remaining Claims Fund" established pursuant to the Court's order authorizing the Debtor's sale of its real property. As detailed below, there is approximately $200,000 in claims or alleged claims to be paid, if at all, from the Remaining Claims Fund. In addition, pursuant to the Court's March 2011 order authorizing the Debtor to make an interim distribution to MMPLP, $500,000 of cash is reserved in accordance with the Debtor's settlement with Canpartners Realty Holding Company IV

LLC ("Canyon"), but the Debtor does not anticipate that Canyon ultimately will have any claim under the settlement. As a result, it appears that at least $2.9 million ultimately will be available for distribution to MMPLP from the Remaining Claims Fund upon dismissal of this case.

Also as of July 11, 2011, the Debtor was holding free and clear cash in the amount of $913,758.85. As detailed below, there is approximately $556,000 in professional fees outstanding, including approximately $515,000 in fees and costs approved by the Court on an interim basis and which the Debtor is authorized to pay at this time but has not done so. Assuming that all such fees and costs, as well as future professional fees and costs, ultimately are approved on a final basis, it appears that at least $250,000 of free and clear cash will be available for distribution to MMPLP upon dismissal of this case.

The only other known assets of the estate are (a) a claim in favor of the Debtor to recover certain insurance proceeds, (b) a potential avoidance power claim if the Debtor chooses to pursue it, and (c) a refund due from the Los Angeles Department of Water and Power (the "DWP").

B.  **ALLEGED CLAIMS AGAINST THE ESTATE (NOT INCLUDING ADMINISTRATIVE CLAIMS OF PROFESSIONALS)**

The most recent status conference in this case was held on March 17, 2011. In its status report filed prior to that hearing, the Debtor reported that

> [t]he Debtor believes that, other than the Internal Revenue Service, which filed a proof of claim in the amount of $100, and entities related to the Debtor, the only claimants who filed proofs of claims and whose claims have not been satisfied are SCS [Flooring Systems ("SCS")] and American Heritage Landscape, LP ("American Heritage"), which has alleged a claim in the amount of $81,061.00. SCS' claim will be liquidated in the arbitration. The Debtor hopes to resolve disputes relating to American Heritage's alleged claim without need for the filing of a formal claim objection.

On March 4, 2011, the IRS filed an amended proof of claim, reducing the amount of its claim to zero. In addition, on May 6, 2011, SCS filed a notice of withdrawal of its proof of claim (*docket entry no. 482*). As a result, as of July 12, 2011, the Debtor believes that the only claimants who filed proofs of claims or whose claims were scheduled by the Debtor and whose claims have not been withdrawn in writing, and others to whom the Debtor is indebted, are as follows:

| Source | Claimant | Original Claim Amount |
|---|---|---|
| POC 9 | American Heritage | $81,061.00 |
| POC 26 | Los Angeles DWP | $13,402.31 |
| Schedules | Hi-Teck Construction | $26,095.40 |
| Unscheduled | LP Carreras & Associates, Inc. | $1,190.00 |
| Unscheduled | Cox, Castle & Nicholson LLP | $46,001.44 |
| Schedules | Meruelo Chinatown, LLC | $54,969.79 |
| Schedules | Meruelo Maddux Properties, L.P. | $73,847,179.40 |

The Debtor and American Heritage have not reached an agreement regarding the allowed amount of its claim. American Heritage claims to be owed the full amount of its proof of claim. The Debtor asserts that nothing is owed because, among other things, the Debtor suffered damages as a result of delays caused by American Heritage, and the damages offset the entirety of American Heritage's alleged claim. If necessary and appropriate, the Debtor may be required to object to the claim prior to the anticipated dismissal of this case.

The DWP's account representatives have advised the Debtor that there is a credit balance on the Debtor's accounts. The Debtor and the DWP have not formally agreed on the amount of the credit balance taking into account both pre- and postpetition charges. Generally, for this reason the DWP has not yet withdrawn its proof of claim. The Debtor believes that the amount of the refund to which it is entitled is no less than $20,512.13.

The prepetition amount owed to Hi-Teck was paid in September 2009. In July 2010, the Debtor made a final payment to Hi-Teck in the amount of $11,942.49. However, Hi-Teck asserts that Hi-Teck did not actually receive and negotiate the check or execute the unconditional waivers and releases that were provided to the Debtor at the time payment was made, and that the Debtor still owes Hi-Teck $11,942.49. This issue likely will need to be resolved prior to the anticipated dismissal of this case. If necessary and appropriate, the Debtor may be required to object to the scheduled claim prior to the anticipated dismissal of this case.

///

372163.02 [XP]   25293

On December 2, 2010, MMPI and LP Carreras & Associates, Inc. ("Carreras"), filed a stipulation in MMPI's case reflecting that $1,190.00 of services identified in Carreras' proof of claim filed in MMPI's case related to services provided for the benefit of the Debtor (*MMPI docket entry no. 2313*). The Debtor believes that the aggregate amount owed to Carreras by the Debtor is $1,818.75. It was the Debtor's intent to file amended schedules reflecting this amount as being owed, but amended schedules have not yet been filed. The Debtor believes that Carreras will need to be paid this amount as a condition to dismissal of its case.

On February 10, 2010, the Debtor filed an application for authority to employ Cox, Castle & Nicholson LLP ("Cox Castle") as special real estate counsel, and in its application disclosed that the balance owed to Cox Castle for prepetition services billed to the Debtor was $22,494.58. Also, on January 18, 2011, MMPI and Cox Castle filed a stipulation in MMPI's case reflecting that $9,225.87 of services identified in Cox Castle's proof of claim filed in MMPI's case related to services provided for the benefit of the Debtor (*MMPI docket entry no. 2612*). It was the Debtor's intention to file amended schedules reflecting that Cox Castle has a prepetition claim against the Debtor's estate in the amount of $46,001.44, but amended schedules have not yet been filed. After reconciling the total amount of Cox Castle's actual claim against the Debtor, the Debtor believes that Cox Castle will need to be paid the reconciled amount as a condition to dismissal of its case.

Prior to dismissal of this case, the Debtor will conduct a reconciliation of the amount still owed to Meruelo Chinatown, LLC ("Chinatown"), on account of its prepetition claim against the Debtor's estate. The amount owed to Chinatown is estimated to be no more than $43,134.79.

C.    OUTSTANDING ADMINISTRATIVE CLAIMS OF PROFESSIONALS

On May 11, 2011, the Court entered its *Second Order Approving Interim Applications for Compensation and Reimbursement of Expenses by Professionals* (the "Fee Order") (*docket entry no. 491*). In the Fee Order the Court approved fees and costs of Danning, Gill, Diamond & Kollitz, LLP ("DGDK"), in the aggregate amount of $304,330.23 for the period from May 1, 2010, through March 31, 2011. The Court authorized the Debtor to pay such amount, as well as $476,243.56 in compensation previously awarded but unpaid. Charlestown advised the Debtor that it objected to

-4-

any payment being made to DGDK, despite the Court's order. The Debtor has paid $476,243.56, but not the amounts awarded in the Fee Order. Accordingly, DGDK has not been paid for any of its services rendered and expenses incurred since April 30, 2010. DGDK incurred an aggregate of $16,043.85 in fees and costs during the months of April and May 2011. Therefore, for services rendered through May 2011, DGDK is asserting an unpaid administrative claim for $320,374.08.

In the Fee Order the Court also approved Cox Castle's fees and costs in the aggregate amount of $1,010,809.57 for the period from February 26, 2010 through March 31, 2011. The Court authorized the Debtor to pay such amount, less payments previously made pursuant to the Court's *Knudsen* order. Charlestown advised the Debtor that it objected to any payment being made to Cox Castle, despite the Court's order. As of July 11, 2011, the amount of Cox Castle's awarded but unpaid fees totals $206,411.42. Cox Castle incurred an aggregate of $24,499.43 in fees and costs during the months of April and May 2011. Therefore, for services rendered through May 2011, Cox Castle is asserting an unpaid administrative claim for $230,901.85.

In the Fee Order the Court also approved fees and costs of Sebold & Co. ("Sebold") in the aggregate amount of $17,146.63 for the period from October 1, 2010, through March 31, 2011. The Court authorized the Debtor to pay such amount, less payments previously made pursuant to the Court's *Knudsen* order. As of July 11, 2011, the amount of Sebold's awarded but unpaid fees and costs totals $4,915.50.

D.    THE DEBTOR IS COMPLYING WITH THE REQUIREMENTS OF THE OFFICE OF THE UNITED STATES TRUSTEE

Since the commencement of this case the Debtor has timely submitted monthly operating reports to the Office of the United States Trustee (the "U.S. Trustee"). Since January 2010, starting with the monthly operating report for December 2009, the Debtor also has timely filed monthly operating reports with the Court (*docket entry nos. 165, 187, 219, 280, 330, 377, 409, 417, 423, 428, 435, 442, 449, 453, 469, 477, 489 and 495*). The Debtor believes that it is current with respect to its payments of quarterly fees to the U.S. Trustee.

///

E.  **ANTICIPATED FUTURE PROCEEDINGS**

As discussed at the prior status conference, the likely resolution of this case is dismissal upon payment of creditors, other than MMPLP, in full rather than confirmation of a Chapter 11 plan, with all cash remaining after payment of such claims to be distributed to MMPLP on account of its subordinated prepetition claim. The Debtor expects that upon or concurrent with resolution of the outstanding claims discussed above, the Debtor will request that this case be dismissed.[1]

F.  **RECOMMENDATION**

The Debtor recommends that the status conference be continued approximately sixty days, with a status report advising the Court of developments to be filed prior to the hearing.

Dated: July 13, 2011                DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
John N. Tedford, IV
Attorneys for Debtor and Debtor-in-Possession Meruelo Maddux – 845 S. Flower Street, LLC

---

[1] As the Court is aware, a Chapter 11 plan has been confirmed in MMPI's case which contemplates a change in MMPI's, and therefore the Debtor's, management. As of the filing of this status report, that plan has not yet gone effective and new management is not in place. New management may choose a different course of action in terms of resolving this Chapter 11 case.

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2029 Century Park East, Third Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as: **DEBTOR'S STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 13, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **July 13, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Via Overnight Mail:**

Hon. Victoria S. Kaufman
U.S. Bankruptcy Court
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367

Office of the United States Trustee
ATTN: Jennifer L. Braun
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 13, 2011 | Cindy A. Sandino | /s/ Cindy A. Sandino |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                      **F 9013-3.1.PROOF.SERVICE**
                                                                                                                                   25293

372163.02 [XP]    25293

**ADDITIONAL SERVICE INFORMATION:**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Michael C Abel    mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Kathryn T Anderson    kanderson@rutan.com
- John J Bingham    jbingham@dgdk.com
- Julia W Brand    JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun    jennifer.l.braun@usdoj.gov
- Michael D Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com
- Enid M Colson    emc@dgdk.com, ecolson@dgdk.com
- Aaron De Leest    aed@dgdk.com
- Jeremy Faith    jfaith@goodmanfaith.com
- Lisa Hill Fenning    Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
- Daniel H Gill    ecf@ebg-law.com, dgill@ebg-law.com
- Barry S Glaser    bglaser@swjlaw.com
- Andrew A Goodman    agoodman@goodmanfaith.com
- John A Graham    jag@jmbm.com
- Asa S Hami    ahami@sulmeyerlaw.com
- David W Hercher    dave.hercher@millernash.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Sharon C Hughes    schug98@aol.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Tamar Kouyoumjian    tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Elmer D Martin    elmermartin@gmail.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com
- Randy P Orlik    rorlik@coxcastle.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- David M Poitras    dpoitras@jmbm.com
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com
- Marian K Selvaggio    selvaggio@huntortmann.com
- Zev Shechtman    zshechtman@dgdk.com, danninggill@gmail.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford    jtedford@dgdk.com, DanningGill@Gmail.com
- James A Timko    jtimko@allenmatkins.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Brett K Wiseman    bwiseman@aalaws.com
- Kirsten A Roe Worley    kworley@wthf.com, bcordova@wthf.com

**II.    SERVED BY U.S. MAIL**

Cox, Castle & Nicholson LLP
ATTN: Robert G. Campbell
2049 Century Park East, 28th Floor
Los Angeles, CA  90067

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**
25293

372163.02 [XP]    25293

Sebold & Co.
ATTN: Maryellen K. Sebold
31365 Oak Crest Drive, Suite 250
Westlake Village, CA 91361

American Heritage Landscape, LP
ATTN: Jim Maddox
7013 Owensmouth Ave.
Canoga Park, CA 91303

Los Angeles Dept. of Water & Power
ATTN: Bankruptcy
P.O. Box 51111
Los Angeles, CA 90051-5700

Hi-Teck Construction
c/o Henry Tovmassian
Law Offices of Henry Tovmassian
14001 Ventura Blvd.
Sherman Oaks, CA 91423

L.P. Carreras & Associates, Inc.
ATTN: Luis P. Carreras
9550 Firestone Blvd., Suite 204
Downey, CA 90241

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE
25293

372163.02 [XP]    25293